IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CR3052 |
| | ) | |
| v. | ) | |
| | ) | |
| MY TAN CAO, DA VAN CAO, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

    Pending before me is the motion of My Tan Cao (filing no. 49) seeking a mental examination to determine the competency of the defendant to stand trial and assist his counsel. The defendant is charged with conspiracy to manufacture and possess with intent to distribute 1,000 or more marijuana plants. He has pleaded not guilty and trial was set to take place three days from now on March 14, 2011. The defendant speaks Vietnamese and not English.

    On the telephone, today I conferred with Ms. Lipovsky, the prosecutor, Mr. Monzon, the lawyer who represents Da Van Cao, and Mr. London, who represents My Tan Cao, the moving party.

    Initially, Mr. London confirmed that he did not intend to give notice of an insanity defense at this time. Rather, he was seeking an examination pursuant to 18 U.S.C. § 4241 to determine mental competency to stand trial and assist properly in his defense.

    Mr. London represented that three times within the last thirty days he has conferred with My Tan Cao at the jail and those conferences have caused Mr. London,

a very experienced criminal defense lawyer, to question Mr. Cao's competency. In particular:

> Counsel has personally met with the defendant on at least six occasions at the Saline County Jail the most recent of which was on March 8, 2011, and on two prior occasions within the last thirty days. These meetings occurred with a Vietnamese interpreter present and during these meetings counsel has questioned the defendant about various aspects of this case and based on certain responses provided by the defendant counsel has a concern about whether the defendant is mentally competent to stand trial and, in particular, whether the defendant understands the nature and consequences of the proceedings against him. Counsel also has concerns about whether the defendant can assist his counsel properly in his defense and these concerns are also based on counsel's actual contact with the defendant.

(Filing no. 49 at CM/ECF p. 1.)

Mr. London also represented that he had recently heard from family members and those reports added to Mr. London's concern. In particular,

> Counsel for the defendant has just recently obtained information from an immediate family member who has also expressed concerns about the defendant's mental competency. These concerns are based on a long history of behavior observed by family members, including hallucinations and other behavior thought to be schizophrenic in nature.

(*Id.* at CM/ECF p. 2.)

Mr. Monzon, counsel for a codefendant, added that he had been given information that My Tan Cao may have exhibited behavior in public consistent with hallucinations. Mr. Monzon did not elaborate.

There were no objections to the motion.  I find and conclude that the motion should be granted.  There is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241.

Trial of this matter will need to be delayed.   No one objected to the delay and everyone agreed that the time should be excluded.   Accordingly,

IT IS ORDERED that:

1. This case is removed from the trial docket.  The time between March 10, 2011 and the time the undersigned determines the competency of My Tan Cao is excluded from computation under the provisions of the Speedy Trial Act.  *See*, *e.g.*, 18 U.S.C. § 3161(h)(1)(A).

2. The United States Bureau of Prisons shall designate a suitable facility at which the defendant shall be examined pursuant to this order.  Upon such designation, the defendant (who will remain in federal custody) shall be transported to the place designated by the Bureau of Prisons by the U.S. Marshal.  The defendant shall remain at the facility until released to the U.S. Marshal for return to Nebraska.

3. Pursuant to 18 U.S.C. §§ 4241(a)-(b) and 4247(b)-(c) the Bureau of Prison shall see to the evaluation of the defendant to determine his competency to stand trial and to assist in his defense.  The Bureau of Prisons shall provide the court with a written report in accordance with the applicable laws and the terms of this order.  The report shall be submitted to the court, the prosecutor and defendant's counsel within 60 days of the defendant being delivered to the institution or within such

       other reasonable time as may be necessary to complete the evaluation and the report.

4.     The Lincoln office of the United States Pretrial Services offices will coordinate this case with the Bureau of Prisons and see to the timely completion of the evaluation of the defendant. In particular, the Lincoln office of the United States Pretrial Service office shall copy and provide to the Bureau of Prisons following documents: the docket sheet in this case, the indictment in this case and the pretrial service report regarding the defendant.

5.     If counsel for the government or counsel for My Tan Cao have unprivileged documents or information relevant to the evaluation they shall provide those documents or that information to the Lincoln office of the United States Pretrial Services office who will in turn provide the same to the Bureau of Prisons.

6.     My chambers shall provide a copy of this Memorandum and Order to the Lincoln office the United States Pretrial Services office and to Magistrate Judge Zwart.

7.     The Clerk shall provide a copy of this Memorandum and Order to the United States Marshals Service.

DATED this 10th day of March, 2011.

                          BY THE COURT:
                          *Richard G. Kopf*
                          United States District Judge